## REALTY ASSOCIATES v. PURDY.

(Supreme Court, Appellate Division, Second Department. February 17, 1911.)

1. LANDLORD AND TENANT (§ 172*)—EVICTION.

> A lease stipulated that the tenant would admit mechanics to make repairs. The tenant removed his effects in August, but refused to allow the landlord to enter because he would not abate September rent, and the landlord authorized a plumber to enter on September 1st; and thereafter without the landlord's authority on the same day the plumber removed certain plumbing fixtures, and the landlord afterwards ratified the estimate and ordered the work done, and four days thereafter the premises were dismantled. *Held*, that such acts amounted to an eviction.
>
> [Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 695–703; Dec. Dig. § 172.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. LANDLORD AND TENANT (§ 190\*)—RENT—DATE.
 Where a tenant was privileged to pay rent at any time on the 1st day
 of the month, and there was an eviction on that day, the eviction oc-
 curred before the time of payment had elapsed.
  [Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§
 765-767; Dec. Dig. § 190.\*]

Appeal from Municipal Court, Borough of Brooklyn, First District.
 Action by the Realty Associates against Percy B. Purdy. From a
judgment for plaintiff, defendant appeals. Reversed, and new trial
ordered.
 Argued before JENKS, P. J., and THOMAS, CARR, WOOD-
WARD, and RICH, JJ.

Allan C. Rowe, for appellant.
Lynn C. Norris, for respondent.

THOMAS, J. Purdy was plaintiff's tenant, under a lease expiring
at the end of September. In August he removed his effects from
the premises, but refused to allow the plaintiff to enter for the pur-
pose of repairs, inasmuch as plaintiff would not abate the rent for
September. The case was submitted upon stipulated facts. On the
1st of September the plaintiff, having caused keys to be made, au-
thorized a plumber to enter the premises for the purpose of examin-
ing the same, in order to bid upon specifications for repairs. There-
upon such person, without plaintiff's preliminary authorization, re-
moved the "nickel fixtures in the bathroom and the nickel fixtures of
and leadwork under two basins on the second floor"; but later the
plaintiff let the contract for the plumbing, which involved such re-
moval. On September 5th the gas fixtures were removed, and there-
after from time to time during the month of September the premises
were dismantled in such manner as to preclude enjoyment thereof
by the tenant. The lease provided as follows:

"And the tenant covenants and agrees that he will: \* \* \* (6) Admit
mechanics who are authorized to make any improvements in, to, or upon said
premises."

The tenant in writing refused to admit mechanics for the purpose
of repairs, and thereupon the landlord caused entry to be made with-
out permission. It is unnecessary to decide whether the landlord could
rightfully enter, where the tenant wrongfully refused it, for proper
purposes, inasmuch as it was the intention of the landlord to make
such repairs as would preclude the tenant's enjoyment during the
month, and he fulfilled his intention by repairs destructive of the ten-
ancy. The stipulation in the lease did not contemplate such re-
pairs as would make the premises wholly unhabitable, and the land-
lord's action was tantamount to an eviction. Plaintiff's broad con-
tention is that under the lease he could do this very thing, and he
did do it. The rent was payable on the 1st day of September, but
on that day the plumber, let in by the landlord, initiated work which,
although not authorized at the time, was thereafter ratified, and fol-
lowed by the dismantling of the premises. As the tenant was priv-

ileged to pay the rent at any time on September 1st, the eviction occurred before the time of payment had elapsed. Moreover, on September 5th, additional elaborate repairs, set out in the statement of facts, were begun, and they fully indicate that the landlord purposed on September 1st and the following days in the month to preclude the use and occupation of the premises by the tenant.

Therefore the judgment of the Municipal Court should be reversed, and a new trial ordered; costs to abide the event. All concur.